ELIZABETH M. NICHOLSON, as Administratrix of the Estate of WILLIAM S. NICHOLSON, Deceased, Appellant, *v.* THE TOWN OF STILLWATER, Respondent.

Negligence — accident alleged to be caused by narrow and unguarded highway — overturn of automobile while turning out in the dark to make room for passing horse and wagon — when negligence of highway authorities question for the jury.

Plaintiff's intestate was driving an automobile after dark along a much-traveled highway. At the point where the accident occurred the roadway rapidly narrowed, and the adjacent land from being

level with the roadway turned into a sharp descending slope of several feet from the edge of the highway. There was no barrier or guard of any kind to mark the edge of the highway, but instead thereof weeds had been allowed to grow up which obscured and concealed such edge. The free space left for the passage of an automobile and a vehicle was very small. Intestate applied the brakes to his car, and, clearing a tree which stood close to the roadway, pulled to the side of the road so as to allow a horse and wagon to pass him, and brought his car to a stop. He was so near the edge of the bank that, as he stopped, the car slipped down and over the bank, turning over and killing him. Plaintiff gave evidence for the purpose of showing that other accidents had happened at this place, and no issue was presented on the trial concerning the possession by the highway commissioner of ample funds with which to construct a barrier and of which the expense would have been trivial. *Held*, that the issue of defendant's freedom from negligence should be submitted to a jury.

*Nicholson* v. *Town of Stillwater*, 150 App. Div. 896, reversed.

(Argued March 31, 1913; decided April 22, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered April 2, 1912, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nash Rockwood, L. B. McKelvey* and *John Scanlon* for appellant. The negligence of the defendant was clearly established; at least the evidence relating to that branch of the case raised a substantial issue of fact which required its submission to the jury. (*Ivory* v. *Town of Deerpark,* 116 N. Y. 476; *Bryant* v. *Town of Randolph,* 133 N. Y. 70, 76; *Snowden* v. *Town of Somerset,* 171 N. Y. 99; *Corcoran* v. *City of N. Y.,* 188 N. Y. 131; *Pelkey* v. *Town of Saranac,* 67 App. Div. 337; *Littlebrant* v. *Town of Sidney,* 77 App. Div. 546; *Maxim* v. *Town of Champion,* 50 Hun, 88; *Fox* v.

*Union Turnpike Co.*, 59 App. Div. 363; *Coney* v. *Town of Gilboa*, 55 App. Div. 111; *Wood* v. *Town of Gilboa*, 76 Hun, 175; *Van Gaasbeck* v. *Saugerties*, 82 Hun, 415; *Allen* v. *Town of Allen*, 33 App. Div. 463; *Kelly* v. *Town of Verona*, 97 App. Div. 490; *Moltzing* v. *Excelsior Brewing Co.*, 107 App. Div. 275; 186 N. Y. 577.)

*Edgar T. Brackett* and *George B. Lawrence* for respondent. The plaintiff failed to establish by any competent evidence such negligence on the part of the highway commissioner of the defendant town as would make the town liable for the damages caused by the death of plaintiff's intestate. (*People ex rel. Loomis* v. *Town Auditors*, 75 N. Y. 316; *Lane* v. *Town of Hancock*, 142 N. Y. 510; *Frazier* v. *Tompkins*, 17 Wkly. Dig. 270; *Barber* v. *Town of New Scotland*, 88 Hun, 522; *Waller* v. *Town of Hebron*, 5 App. Div. 577; *Patchen* v. *Town of Walton*, 17 App. Div. 158; *Flansburgh* v. *Town of Eldridge*, 205 N. Y. 423; *King* v. *Village of Fort Ann*, 180 N. Y. 496; *Ireland* v. *H. S. P. R. Co.*, 13 N. Y. 526; *Barrett* v. *Town of Walworth*, 64 Hun, 526.)

HISCOCK, J. This action is brought to recover damages alleged to have been caused by the death of appellant's intestate, which resulted from the capsizal, on the 27th day of June, 1908, of an automobile which he was driving over a road located within the respondent's boundaries. The automobile tipped or slid over a bank at the edge of the traveled roadway in the night time, and it is urged that the respondent is liable because no guard had been erected at the bank.

The highway on which the accident happened was a much traveled one, being the principal line of travel between the cities of Albany, Troy and Cohoes on the south, and Ballston Spa, Saratoga Springs, Glens Falls and Lake George on the north. In the immediate locality of the accident it ran east and west, and was bounded on

the north by a hill of considerable height, and there was on that side no descending bank or ditch of any consequence. On the south side, as one traveled from the west to the.east the adjacent land at first was on a level with the roadway, and then began to slope to a lower level, so that at a point just east of an elm tree, which figures in the case, there was, from the level of the traveled roadway first a sheer descent of between one and two feet, and then a further descending slope of about four feet on an angle of about 45 degrees. As the roadway approached the elm tree from the west it was at first fifteen feet and six inches wide, but because of the location of this tree and others on its southerly margin it became necessary to narrow the roadway somewhat abruptly, so that at and just easterly of the tree the width was only twelve feet and eight inches. This narrowed roadway and embankment continued for some distance easterly of the tree. Just easterly of the tree and at the point where the accident happened there was a fringe of weeds which grew above the level of the roadbed and concealed the edge thereof and embankment.

On the occasion in question the intestate with his wife and others had driven in an automobile northerly on this road beyond the place of the accident and in the afternoon had commenced the return journey to Albany where they lived. They did not reach the locality of the accident until after dark and as they approached the elm tree a horse and wagon was discovered approaching from the east. Intestate, who was driving and who seems to have been an experienced and careful driver, applied the brakes to his car and clearing the tree pulled to the southerly side of the road so as to allow the horse and wagon to pass him, and brought his car to a stop. He had, however, pulled too near the edge of the bank and as he stopped the car slipped down and over the bank turning over and killing him. It is stated without contradiction that the average width of an automobile is 67 inches and the tread

of an ordinary farm vehicle is 56 inches, which would leave an aggregate leeway of about two feet as the vehicles attempted to pass at the point in question.

Plaintiff gave evidence for the purpose of showing that other accidents had happened at this place and no issue was presented on the trial concerning the possession by the highway commissioner of ample funds with which to construct a barrier and of which the expense would have been trivial.

The case has been tried several times, two judgments entered on verdicts in favor of the plaintiff having been reversed by the Appellate Division, and it was in accordance with the last decision of that court that the plaintiff was nonsuited on the last trial.

The respondent is not liable in this action unless its commissioner of highways would have been liable for negligence because not foreseeing the danger of such an accident as overtook appellant's intestate and guarding against the same by a barrier or other appropriate means. This much being conceded, the question remains whether the court should decide as matter of law that there was freedom from negligence chargeable to the town, or permit a jury to decide this question as one of fact. We have reached the conclusion that the latter is the proper course.

Here was a much traveled thoroughfare. It was no remote or unfrequented highway. By reason of causes which have been sufficiently described a roadway which might safely be traveled rapidly narrowed by almost three feet and the adjacent land from being level with the roadway turned into a sharp decending slope of several feet from the edge of the highway. There was no barrier or guard of any kind to mark the edge of the highway, but instead thereof weeds had been allowed to grow up which obscured and concealed such edge. The free space left on the passage of an automobile and a vehicle was very small and it was incumbent on the driver

of the former to pull as near the edge as practicable and thus afford room for the passing horse which might be frightened by the too close proximity of the machine. The defects in the highway were not those which had come as the result of ordinary wear and tear and climatic changes but were inherent in its original and fundamental construction. It was of course to be expected by the respondent and its officials that vehicles of various kinds would pass each other on this highway by night as well as day, and we think that the appellant was entitled to have a jury say as a matter of fact whether they also ought not to have anticipated, in the exercise of ordinary foresight and prudence, that in the course of such passage one of them was liable to run over the bank unless some guard or barrier was erected.

As has often been said, a case of this kind is always more or less perplexing. There is no general and infallible rule by which to determine whether each case should be disposed of as a matter of law or by the verdict of a jury. Every one must largely be determined by its particular features. On the one hand, it may well be argued that a town may not be held to too strict a rule of liability whereby it shall be required to guard against every minor defect which may come in its roadways and from some of which no country highway is entirely free. On the other hand, it is equally apparent that a line must finally be reached where at least a jury shall be permitted to say whether such a municipality has or has not been guilty of negligence in respect of some particular defect. The difficulty in each case is to decide on which side of the line it is placed by its particular facts. After the careful consideration which they deserve, we have, as indicated, reached the conclusion that the facts now presented to us carry the respondent beyond the line of immunity as matter of law, and require that the issue of its freedom from negligence should be submitted to a jury.

In accordance with these views the judgment of the courts below should be reversed and a new trial granted, costs to abide event.

CULLEN, Ch. J., WILLARD BARTLETT, CHASE, CUDDE-BACK, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.