CHESTER H. LENDRUM, Respondent, v. THE VILLAGE OF COBLESKILL, Appellant.

Third Department, July 8, 1920.

Villages — negligence — liability of incorporated village for negligence of street commissioner — failure of village to guard embankment at side of street — injury to automobilist by driving over embankment — evidence justifying recovery — contributory negligence — evidence of subsequent accident at same place — appeal — error disregarded under section 1317 of Code of Civil Procedure.

An incorporated village may be held liable for the negligence of its street commissioner in maintaining a public street in such condition that one driving thereon was injured.

Where it appears that a street in such incorporated village is flanked on the left side by a steep embankment descending to a depth of fifty feet; that the curve of the street to the right is sharp and quite abrupt, and that the street commissioner maintained at that point no danger sign or barriers, although in the night time an electric light, with the lights of an automobile, falling upon the adjoining grass created the delusion that the highway continued in a straight line, a plaintiff who drove his automobile on such imaginary highway and over the embankment while going at a moderate rate of speed, notwithstanding the application of the brakes, is entitled to recover against the village.

In such action the question of contributory negligence being one of fact was properly submitted to the jury.

Although the plaintiff was not entitled to show that a subsequent accident happened at the same place, the error was cured if the court instructed the jury that anything relative to the subsequent accident was incompetent and in fact had not been proved and no exception was taken by the defendant to the statement of the plaintiff's counsel regarding the subsequent accident and no motion to withdraw a juror was made.

Even if the admission of evidence as to a subsequent accident is considered an error, it should be disregarded under section 1317 of the Code of Civil Procedure.

APPEAL by the defendant, The Village of Cobleskill, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schoharie on the 8th day of January, 1920, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 15th day of January, 1920, denying defendant's motion for a new trial made upon the minutes.

*William H. Golding* [*George M. Palmer* of counsel], for the appellant.

*Alberti Baker*, for the respondent.

KILEY, J.:

The defendant is a municipal corporation, an incorporated village, within the State of New York. One of its streets is Quarry street, and on the left-hand side of this street is a steep embankment descending to a depth of fifty feet and upwards. The street, at or near this embankment, curves to the right and away from the embankment; the curve or turn is sharp, quite abrupt to the right. At the point described in the record the highway, if extended in a straight line, would go nineteen feet on practically level and smooth, but descending surface, and then over this embankment. The space between the highway and the edge of the embankment is grassed over, greensward. On the 24th day of June, 1919, there was no danger sign or signal at this embankment, and no barriers erected along its edge to guard or prevent travelers in the night going northerly on the street at this sharp curve from proceeding straight ahead and over the declivity. There was an electric light about sixteen feet from this curve and embankment; it, with lights of an automobile, made a yellow ray, shadow and haze upon the grass. Its appearance was that of the continuation of the highway when the accident complained of here occurred. The conditions here found were present on defendant's said Quarry street, along this embankment, at this curve on the said 24th day of June, 1919, at ten o'clock P. M. In addition to the foregoing features of the locality, straight ahead, as if the roadbed was extended in a straight line instead of curving, and on the embankment on the other side of this depression or dugout, formed by those two embankments, was another electric light suspended on a pole. This light created the delusion that the street continued in line straight ahead, when as a matter of fact the street curved sharply to the right, and away from this imaginary extended roadbed. On the night in question, June 24, 1919, at ten o'clock P. M., the plaintiff, with three other persons, in an automobile that weighed 3,000 pounds, started from a

house on the left side of this street a short distance southeast of the curve in question. He proceeded northwesterly on the macadam highway at the rate of speed of ten miles an hour. As he approached this curve above described, the light thrown upon the grass, in conjunction with his auto lights, caused it to look like the highway extended, and plaintiff proceeded straight ahead onto the grass, when he discovered he was out of the road and applied the brakes; the surface under the grass descended from two to three feet in this nineteen feet of grass-covered surface, and the car slid and went over the embankment causing the damage to the plaintiff and his car for which this action was brought. The jury found for the plaintiff in the sum of $500 which with costs constitutes the judgment appealed from. The defendant challenges the validity of this judgment on three several grounds, viz.: *First,* that defendant's street commissioner was not shown to be negligent; that a good roadbed and street were maintained and that the omitted precautions complained of here do not constitute negligence; *second,* that the plaintiff was guilty of contributory negligence, and *third,* the admission of incompetent evidence prejudicial to the defendant. That the action was properly brought against the defendant village is now elementary; the defendant had a street commissioner during all of the time and times mentioned in the pleadings and record; with his negligence the defendant is chargeable. *Lane* v. *Town of Hancock* (142 N. Y. 510) was decided twenty-six years ago; a judgment for the plaintiff was reversed; the absence of barriers was in question; but conditions there shown are distinguishable from the case here under consideration. The *Lane* case is, however, profitable for the rule laid down at that time governing the consideration of the negligence of a highway commissioner, which office is similar` to the office of street commissioner, viz.: " Courts and juridical writers have often attempted to give a comprehensive definition of the term negligence as used in the law. But no definition has yet been given, and it is obvious that none can be given, accurate and comprehensive enough to apply to the varying facts and circumstances of every case. When applied to a commissioner of highways, and for all the purposes of this case it may be defined as the omission on his part to use ordinary care,

*under all the circumstances,* in the performance of the duty imposed upon him by law, which was the proximate cause of the accident resulting in the death of plaintiff's intestate." *Flansburg* v. *Town of Elbridge* (205 N. Y. 423) is another citation of defendant. In that case the Court of Appeals found that the horse strayed from the highway onto a culvert, stumbled and fell, and because of the absence of barriers the wagon tipped over and threw the plaintiff into the ditch. The facts in that case are not at all similar to those in the present case. However, while the judgment for plaintiff was reversed, a rule laid down in that case shows some advance and expansion in consideration of the question of negligence in the care of streets and highways under conditions of travel existing at the present time. The court says: " Highway authorities are not under the duty of obstructing travelers from straying into those spaces. They are bound to maintain guard rails or barriers only to protect those traveling within the space prepared and offered for that purpose *against dangers in such close proximity thereto* as to make traveling on it perilous *or where there are other unusual or exceptional conditions."* *Mack* v. *Town of Shawangunk* (98 App. Div. 577), decided in 1904, is where a wagon went off of an unguarded bridge in the night time. The bridge was only nine feet long and practically straight and the approaches to the bridge were safeguarded by rails extending from the fence onto the bridge. The plaintiff's judgment was reversed. The case was close but the reversal had support in previous decisions. It is clearly distinguishable from the case at bar. *Hubbell* v. *City of Yonkers* (104 N. Y. 434), decided in 1887, involved the question of the absence of barriers as the sole ground of negligence. It is distinguishable from this case in that other features of the conditions existing at the curve in question help make the absence of barriers negligent and the proximate cause of the injury. *Beltz* v. *City of Yonkers* (148 N. Y. 67) is in no way similar to this case. The same observation can be made of *Dougherty* v. *Village of Horseheads* (159 N. Y. 154) and *Butler* v. *Village of Oxford* (186 id. 444). The case of *King* v. *Village of Fort Ann* (180 N. Y. 496) seems nearer the defendant's contention than any thus far considered, yet the conditions are entirely different; the highway was straight

and a ditch two or three feet deep ran along the highway six or seven feet from the road; plaintiff drove outside of the road and along the ditch for one hundred feet before he turned into it; no reason was given for the act except that it was dark; the ditch was the usual ditch along the highway to drain the water from the highway, and while it was in an incorporated village the location was in the outskirts and meagerly inhabited. It is not an authority for defendant under the circumstances obtaining here. *Dorrer* v. *Town of Callicoon* (183 App. Div. 186) is where an auto truck went over an unguarded embankment; the opinion is clear and points out the distinction, in the circumstances, between that case and the one here considered. The difference between that case and the case of *Nicholson* v. *Town of Stillwater* (208 N. Y. 203), which was an automobile accident, in some respects like the present case, was also clearly pointed out, and the case distinguished from *Dorrer* v. *Town of Callicoon. Lane* v. *Town of Hancock* (*supra*) states the rule universally followed in the consideration of negligence cases, viz.: Whether, under all the circumstances appearing in the particular case at the time the accident occurred, the commissioner performed the duty imposed upon him by law. It is a matter of universal knowledge that the uses to which streets and highways have been put have materially increased and broadened since the decision in the *Lane* case; powerful machines, capable of going twenty-five to sixty miles an hour and more, now commonly travel over our streets and highways; and while the old rule of " ordinary care and prudence " still is resorted to, in words, in determining the responsibility of persons and corporations, as to negligence or contributory negligence, it means care and prudence commensurate with the increased danger to which the common use of such powerful machines subject the public. Railroad corporations have always been held to greater responsibility in maintaining their roadbed, approaches and appurtenances than a municipality, the apparent and accepted reason being the greater power concentrated in their engines by which their rolling stock is moved and business operated. *Flansburg* v. *Town of Elbridge* (205 N. Y. 423), while against the plaintiff, is evolutionary along these lines and at the same time prophetic of circumstances

which might arise which would justify the decision in favor of the plaintiff as found in *Nicholson* v. *Town of Stillwater* (208 N. Y. 203). To repeat: 205 New York decreed barriers along the space provided for the public to travel upon, " against dangers in such close proximity thereto as to make traveling on it perilous or *where there are other unusual or exceptional conditions.*" In the present case danger was close to the street, unusual and exceptional conditions prevailed, viz.: The curve was sharp, turning to the right near the edge of the embankment, nineteen feet from the place where the accident occurred; the road was circular in formation at this point and from two to three feet higher than the edge where the plaintiff went over; the peculiar color or haze caused by the rays descending from the electric light suspended from a pole sixteen feet away and the same commingled with plaintiff's lights; the delusion arising therefrom, natural and perfect, that the road went straight ahead; the electric light on the opposite bank of the gully; the descent was such that, notwithstanding the application of brakes, it caused the car to slide over; the absence of any warning sign to tell approaching travelers that danger was ahead, that the curve and embankment were there to be avoided. The Court of Appeals in *Nicholson* v. *Town of Stillwater* (208 N. Y. 203) held the town was liable; I cannot escape the conclusion that the defendant in this case is liable, and that 208 New York is controlling. *Johnson* v. *State of New York* (186 App. Div. 389) sustains the contention that these cases present a question of fact for the jury. I am not unmindful of the force of the argument that a municipality should not be required to guard against reckless drivers of heavy auto trucks and high-powered automobiles; that question does not arise here, and in any case the plaintiff, under such circumstances, would find himself confronted with the decision, as a matter of law, that he was chargeable with contributory negligence; and unless recklessness of the driver was present, the sign, barriers and light would warn him in time to slow down and avoid going over the embankment. The question of contributory negligence was properly submitted to the jury; it was a question of fact. (*Weed* v. *Village of Ballston Spa,* 76 N. Y. 329.) In *Ayres* v. *D., L. & W. R. R.*

*Co.* (158 N. Y. 254) at page 258 of the opinion the charge of the trial judge is quoted as follows: ." Contributory negligence is a question of fact for the jury, and I leave that question to you.". Judgment for plaintiff was affirmed. (*Morrissey* v. *Smith*, 67 App. Div. 189.) The error in admission of evidence complained of by appellant consists of a question asked by plaintiff's counsel if he saw the electric light pole where it was slivered. The court held and so stated, that evidence of any accident after plaintiff's accident was not competent. Plaintiff's counsel stated one happened. No exception to that statement was taken in behalf of the defendant, and request was not made to withdraw a juror. The court instructed the jury as follows: " I instruct the jury that anything relative to the accident since is incompetent and immaterial, whether one has occurred or has not. There is no proof that one has occurred or has not." This line of examination should not be indulged in, nor its continuance encouraged; but any vice it contained was removed by the declaration of the trial judge. If, however, the admission of the evidence as to the slivering of the pole is considered in any degree an error, it will be seen by the record that the defendant opened the door for this kind of testimony and it should be disregarded under section 1317 of the .Code of Civil Procedure.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.