JAMES KELLY, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 24332.)

Appeal from a judgment of the Court of Claims, entered in the office of the clerk of said court on December 3, 1936.

Appeal from a judgment of the Court of Claims dismissing the claim herein.

Claimant seeks damages for injuries sustained by a fall from a bridge spanning a stream of water on State highway No. 261, in the town of Somers, Westchester county, N. Y.

At the point in question, the highway runs north and south and as part of the highway the bridge in question is twenty-two feet in length. The paved portion of the roadway of the bridge is twenty feet in width and there is an earth-filled shoulder six feet in width at each side of the pavement. The shoulder on either side extends to a parapet wall at the side of the bridge, which parapet wall is parallel with the roadway and is eighteen inches high and eighteen inches thick.

On either side of the road is a row of concrete posts parallel with the roadway, extending north and south from the ends of the bridge; such line of posts is a few inches nearer to the pavement than is the parapet; thus the parapet on the east side of the road is a few inches further east than the line of posts.

On November 22, 1935, about six-twenty in the evening, claimant was proceeding northerly on foot along this highway. When part way across the bridge and while standing on the east shoulder, he heard the sound of an automobile approaching from the south. He testified: " It came onto me and I shuffled right back and my legs hit the abutment and I went over the easterly abutment." He further testified that when he saw the car he had to go closer to the parapet. He said: " I had to, yes. He came right onto me." " Q. Did you continue walking when the car was coming toward you? A. I shuffled right back to the abutment, I hit the abutment and went over." Although it was dark, claimant was entirely familiar with the location and knew where he was.

The court below found that there was no defect in the construction of the highway and bridge; that the injuries were not sustained by reason of the negligence of the State, its officers or employees, but that claimant was negligent. (See *Best* v.

*State of New York*, 203 App. Div. 339; *Dorrer* v. *Town of Callicoon*, 183 id. 186.) Judgment affirmed. Rhodes, Crapser and Bliss, JJ., concur; Hill, P. J., dissents, with an opinion, in which Heffernan, J., concurs.

HILL, P. J. (dissenting). After dark claimant was walking northerly on the westerly side of State highway No. 116. The pavement was twenty feet wide and the shoulder on each side six feet. As he approached within two feet of a bridge over a small creek, he observed automobiles coming from opposite directions and crossed to the easterly side, believing, as he said, that he would be in a less exposed position. As the automobiles met upon the bridge, he went to the extreme easterly side of the shoulder, fell over an abutment eighteen inches high and into the bed of the stream twelve feet below. Holes had been cast in the top of the low concrete abutment to accommodate guard rails, but these had not been placed. The bridge formerly at this point was surmounted by a guard rail. The authorities of the State should have apprehended that pedestrians, in seeking to avoid automobiles meeting as they did on this occasion, would seek the extreme edge of the shoulder. An abutment of the height of the one over which claimant fell was not a safeguard against injury but a trap. The State was liable. (*Nicholson* v. *Town of Stillwater*, 208 N. Y. 203; *Flansburg* v. *Town of Elbridge*, 205 id. 423; *Roberts* v. *Town of Eaton*, 238 id. 420; *Cotriss* v. *State of New York*, 223 App. Div. 520.)

The judgment dismissing the claim should be reversed and the matter remitted to the Court of Claims for the purpose of fixing compensation.