MILDRED F. JACOBS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29421.)

WALTON O. PATNODE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29422.)

ELIZABETH SKEELS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29423.)

FIDELITY AND GUARANTY INSURANCE CORP., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29421-A.)

Court of Claims, July 26, 1950.

*Francis Barry Cantwell* and *Thomas Barry Cantwell* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Burns F. Barford* of counsel), for defendant.

LOUNSBERRY, P. J. In the evening of November 13, 1948, the claimant, Mildred Farnsworth Jacobs, accompanied by the claimant, Elizabeth Skeels, drove to an establishment known as Sparky's Tavern, arriving at about 11 :00 P.M. At that time it was raining but the highway was not slippery. When they left, however, around 1 :15 A.M., in company with the claimant, Walton O. Patnode, they discovered that the ground and highway had become a glare of ice, with a light film of snow on top. The rain had ceased, and the weather had cleared and evidently become colder.

They set off in claimant Jacobs' car southerly along New York State Highway Route No. 3, toward Vermontville. As the car proceeded at a speed of about thirty miles per hour down a grade and toward a right-hand curve, it went into a skid, first to the right and then to the left, and traveled diagonally across and off the left side of the road and down a bank, overturning. The three claimants suffered various injuries, fortunately not very serious, and not permanent, and the car was virtually wrecked.

The claimants' principal complaint against the State is that there was no guardrail at the point where the car left the road. There was a guardrail along the outside or easterly side of the curve, but its northerly end was about fifty feet south from the point where the claimants went over the bank.

It is undoubtedly the law that the State must erect and maintain adequate barriers where dangerous and unusual conditions imperil persons who are lawfully and with reasonable care traveling upon its highways (*Johnson* v. *State of New York,* 186 App. Div. 389, affd. 227 N. Y. 610; *Wolf* v. *State of New York,* 122 Misc. 381, affd. 210 App. Div. 827; *Sporburg* v. *State of New York,* 226 App. Div. 113; *Countryman* v. *State of New York,* 251 App. Div. 509, affd. 277 N. Y. 586). This does not mean, however, that it must provide guardrails at points normally not hazardous simply because of the possibility that a vehicle might there come to grief through skidding on a natural accumulation of snow or ice. (*Jacobs* v. *State of New York,* 195 Misc. 128, affd. 276 App. Div. 452.)

In the present case, the descent toward the curve was moderate, varying between 2% and 3½%, and the curve itself, judging from the photographs, was not unduly sharp. The guardrail

was so placed as to give adequate protection against the most foreseeable hazard, namely that a car proceeding northerly might fail to negotiate the curve and go off the bank to the right, and secondarily it also afforded protection against a similar, although of course less likely, mishap on the part of a car proceeding southerly along the inside of the banked curve. There was no reason to anticipate that a car would leave the highway at the point where the Jacobs car did so. Of course, it might and did under ice conditions, but a similar mishap might have occurred at any point along the highway under such conditions. If the State must guard against such possibilities, it must line every highway with guardrails. Furthermore, such a guardrail could not have prevented the accident. At most it could only have lessened the damage, and this is purely speculative. Collision with a guardrail might have proved more disastrous than going over the bank.

The proximate cause of the accident was the skidding of the car on the icy road, not any negligence of the State of New York arising either from the lack of a guardrail or from the existence of the icy condition. The State neither caused nor aggravated the latter condition, had no notice thereof, and no time to remedy it even if there had been notice. Hence the claimants have failed to establish any cause of action against the State of New York, and the claims must be dismissed.

In view of this finding, we deem it unnecessary to decide whether the claimant Jacobs was contributorily negligent and whether the claim of Elizabeth Skeels was properly filed.

Findings of fact and conclusions of law in accordance with the above opinion may be submitted within fifteen days from the date hereof, otherwise this memorandum will be considered the decision herein.

Let judgment be entered accordingly.