Richard S. Heller, J.
This claim arises from a one-car accident on the New York State Thruway on March 21, 1955, a short distance west of the Fultonville exit and between mile *1099 posts 184 and 185 at approximately 1:30 p.m. The claim as originally filed named only the State of New York in the title.
At the opening of the trial, the State for the first time moved to dismiss the claim on the ground of lack of jurisdiction. The court granted the claimant’s motion to add the New York State Thruway in the title and reserved decision on the State’s motion to dismiss for lack of jurisdiction.
Within the time limited the claimant served on the Attorney-General of the State of New York and the Chairman of the New York State Thruway Authority and filed with the Clerk of the Court of Claims a notice of intention addressed to all three but titled only against the State of New York. Thereafter and within the time limited the claimant filed with the Clerk of the Court of Claims and the Attorney-General of the State of New York a claim again titled only against the State of New York. Both the notice of intention to file a claim and the claim itself state a cause of action against the New York State Thruway Authority and specifically name the New York State Thruway Authority-as a party negligent.
This is not a situation such as arose in Tompkins v. State of New York (6 A D 2d 977). Here both the notice of intention and the claim state a cause of action against the New York State Thruway Authority without reference to the State of New York although only the State of New York is named in the title. The New York State Thruway Authority had full notice of the claim within the time limited by the statute and service was completed as required by statute. (Court of Claims Act, § 11; Public Authorities Law, § 361-b.)
The State is not liable for torts of the New York State Thruway Authority in performance of its usual functions. (Tompkins v. State of New York, supra.) The claim must be dismissed as to the State of New York but the court finds that it has jurisdiction of this claim against the New York State Thruway Authority.
On the morning of March 21, 1955 the claimant left Long Island on his way to Utica operating a 1954 Buick Sedan registered in the name of another person. He entered the Thruway at Harriman. South of Kingston he ran into rain and somewhere south of Albany the rain turned into snow which melted as it hit the pavement. He stopped near Albany on the Thruway about, noon and by the time he got back on the highway it was snowing heavily.
By the time he reached Fultonville visibility was so limited that most cars, including the claimant’s, were operating with their lights on. The highway was covered with two or three *1100 inches of heavy snow or slush. The surface of the highway was very slippery and it was difficult to determine where the road was located.
The claimant describes the happening of the accident in the following language:
1 ‘ Well, I naturally tried to stay in the middle of the road. The only really way I could distinguish the center of the road would be by the drop on the right hand side and the drop on the left going into the mall and I believe I couldn’t have been going faster than somewhere between fifteen or twenty miles an hour at that stage, once I passed the Fultonville thing there and some car passed me after a mile or two past that Fultonville exit, splashed a lot of stuff on the side of the car and, of course, I eased over a little bit to the right, naturally, to allow him to pass. Almost immediately after that I felt the rear end of my car lurch or skid a little bit over to the right and I sort of followed suit with the front wheel so that they would run along in a straight line. * * *
1 ‘ I then tried to get to what I thought would be the center of the road and in trying to pull the front wheels up, turning them left toAvards the center of the road, I found that the right front was hitting against what appeared to be the side of the concrete and I realized I was apparently off the concrete and just running along it and I gave it a hard jerk to try to get back on it and the next thing I knew, I was just sliding around almost in a circle, facing the river and I lost control of the car and as I approached, as I got very close to the embankment, I saw a bed of rocks in front of me ”.
The operator of a car following claimant’s automobile 100 to 150 feet behind saw a car pass claimant’s automobile, described the actions of claimant’s car as swerving on the road, zigzagging a little bit and then going straight in a northwesterly direction over a bank. This witness also described the episode as “he Avent into the skid and slipped off the road ”, and again, £ £ he zigzagged to the right and Avent off to the right. The car didn’t spin if that’s what you mean, all the way around.”
The highway was straight where the accident occurred. Claimant’s expert testified that there Avas level ground for approximately 61 feet north of the pavement where there was a river bank which dropped off on a steep grade to a depth of from 15 to 20 feet.
On this testimony the claimant urges that the Thruway Authority was negligent in failing to keep the highway free of snow, in failing to properly maintain the shoulder and in *1101 failing to have guardrails along the north side of the highway. Claimant urges that the Thruway had some different and higher standard of care than is applicable to other State highways.
On this latter contention this court has recently specifically held that it is the obligation of the Thruway Authority to exercise that degree of care which will provide a safe and convenient highway for a reasonably prudent driver, talcing into consideration increased traffic loads, higher speed and the foreseeable hazards attendant thereto. (Waterman v. State of New York, 24 Misc 2d 783.)
The evidence fails to establish any negligence in failure to use reasonable care in snow removal. Claimant’s own testimony was that snow did not begin to accumulate on the pavement until about noon and then it fell so heavily that by 1:00 to 1:30 p.m. there was a two- to three-inch accumulation.
The evidence is insufficient to establish negligence in the maintenance of the shoulder. The claimant actually cannot say whether he was on the highway or off the highway since on his own testimony he could not tell the difference because of the snow covering. There is no actual proof in the record as to the condition of the shoulder or as to any difference in height between the shoulder and the pavement. (See Edwards v. State of New York, 5 A D 2d 1033.)
The allegation of negligence which the claimant urges most strongly is the failure of the Thruway Authority to provide guardrails on the north side of the highway where the ground dropped off 15 to 20 feet some 61 feet north of the highway. In Jacobs v. State of New York (198 Misc. 406, 407) the court said: “It is undoubtedly the law that the State must erect and maintain adequate barriers where dangerous and unusual conditions imperil persons who are lawfully and with reasonable care traveling upon its highways (Johnson v. State of New York, 186 App. Div. 389, affd. 227 N. Y. 610; Wolf v. State of New York, 122 Misc. 381, affd. 210 App. Div. 827; Sporburg v. State of New York, 226 App. Div. 113; Countryman v. State of New York, 251 App. Div. 509, affd. 277 N. Y. 586). This does not mean, however, that it must provide guardrails at points normally not hazardous simply because of the possibility that a vehicle might there come to grief through skidding on a natural accumulation of snow or ice. (Jacobs v. State of New York, 195 Misc. 128, affd. 276 App. Div. 452.) ”
Reasonable care did not require the Thruway Authority to anticipate that a car would leave this straight stretch of highway and plunge over a bank 61 feet north of the highway. If *1102 reasonable care required a guardrail along this stretch of highway it is difficult to conceive of what portion of the Thruway would not require guardrails.
Certainly the existence of a guardrail would not have prevented the accident. At most it might only have lessened the damage and this is purely speculative.
The proximate cause of the accident was the skidding of the car on the snow-covered and slippery highway surface and not any negligence of the Thruway Authority arising from the lack of a guardrail or from the existence of the snowy and slippery conditions or from the condition of the shoulder.
The claimant has failed to establish any cause of action against the New York State Thruway and the claim must be dismissed. The motion made by the Attorney-General at the close of the case for dismissal upon which decision was reserved is granted and the claim is dismissed.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered pursuant to section 440 of the Civil Practice Act. Let judgment be entered accordingly.