CHARLES W. BLOOD *vs.* INHABITANTS OF HUBBARDSTON.

Worcester.  October 4. — Nov. 4, 1876.  COLT & MORTON, JJ., absent.

If a defect in a highway has existed more than twenty-four hours before an accident, which is occasioned by such defect, the town is liable, although the ordinary action of the elements within the twenty-four hours before the accident has increased the danger to travellers.

TORT for injuries occasioned by an alleged defect in a highway, which the defendant town was bound to keep in repair. Trial in the Superior Court, before *Gardner*, J., who reported the case for the consideration of this court, in substance as follows:

The plaintiff testified that the accident happened on August 21, 1873, on a road leading from Heald's Village to the depot; that he drove over the road in the morning about eleven o'clock; that it began to rain soon after, and rained occasionally in the afternoon; that he started to drive back about four o'clock in the afternoon, in an open wagon, his horse going on a slow trot; that the first thing he knew he was thrown on to the ground; that the horse had got into a hole in the travelled part of the road; that he got his fore legs in the hole nearly their whole length; that the horse jumped and got his fore legs out, and then got his hind legs in to the same depth; that on examination of the place where the accident occurred, immediately after, he found a hole there, filled with water; that he got a stick and ran it down into the hole two or three feet, not less than two feet; that the hole was three feet or more across; that when he put the stick into it he found no rocks, only muddy water of no consistency, like putting earth into a pail of water and stirring it up; and that he did not notice any rock in the hole. Other witnesses gave similar testimony as to the condition of the road after the accident.

Aaron Waite, a highway surveyor, testified in behalf of the plaintiff, that he made repairs on this road, the day before the accident from three to six o'clock in the afternoon, at the spot where the accident happened; that it was late in the afternoon when he got through; that there was a stone in the wheel track which stuck up four or six inches; that he dug around it to get it up; that it was two feet long and eighteen or twenty inches broad and was down two feet; that he dug down two feet, making a hole three feet across; that after he dug around it he found he could not get his chain around it, so he dug around and sunk it nearly where he found it, and covered it up; that the top of the stone was about eight inches below the surface; that he did not dig under the stone, but dug on the outside from the centre of the road, and turned it over into the hole; that the

stone lay about level after he turned it; that he filled the hole with gravel and sand mixed together, some of which was washed down from the road above; that the land was mois! ; that he filled the hole up to the top of the stone with stones that were in it before and a few that were lying around; that he filled it up level with the stone and left it crowning; that, on being told of the accident, he went down to the place, but did not examine it or sound it; that it was properly filled but for the rain; that he did not say the next morning, that he did not fill it as well as he wanted to; that he did not say anything about the road at that time; that he did not dig under or remove the soil from the bottom of the stone, but tipped it to the side from the centre of the road; that the surface of the stone was nearly level; that he filled around the stone with stones and then gravel; that it was the same material as the rest of the road; that he did not go to the side of the road and get mud or put any into the hole; and that he worked the earth down with a shovel on top of the stone.

Several witnesses testified that Waite told them, the day after the accident, that he did not fill up the hole as well as he should have done if he had had more time.

The judge, being of the opinion that the action could not be maintained on the foregoing evidence, directed a verdict for the defendant. If the ruling was correct, judgment was to be entered for the defendant; otherwise, a new trial to be granted.

*W. S. B. Hopkins*, for the defendant, was first called on.

*G. F. Hoar & A. G. Bullock*, (*T. L. Nelson* with them,) for the plaintiff, were stopped by the court.

LORD, J. A new trial must be granted in this case, in order that the question may be submitted to the jury, whether the highway was defective when Waite, the surveyor of highways, left it, on the afternoon previous to the injury complained of; for if it was then defective, although, by the ordinary action of the elements, it would become and did become more defective, the town had notice of the defect, and would be liable for damages caused by it. It is not necessary to consider whether the town would be liable for a new and different defect, at the spot where a previous defect existed, whether such new and different defect was occasioned by ordinary or extraordinary means; because the claim of the plaintiff is that the same defect existed

at the time of the injury which existed the day before, greater in degree, indeed, but the same defect. This question it is his right to have determined by a jury. If the road were safe and convenient for travellers the day before the injury, the town would not be liable for defects caused in the night by any mode, without notice. If, however, the surveyor of highways left it in a condition not safe and convenient, the town would be liable for injury caused by that defect, though the ordinary action of the elements increased the danger to travellers.

*New trial granted.*