WILLIAM D. SPORBORG, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 18016.)

CONSTANCE A. SPORBORG, Appellant, *v.* THE STATE OF NEW YORK, Respondent. (Claim No. 18017.)

Third Department, May 3, 1929.

*Thomas F. J. Connolly* [*William D. Sporborg* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*Clyde H. Proper, Deputy Assistant Attorney-General*, of counsel], for the respondent.

HINMAN, J. The claims are for damages alleged to have been sustained on a highway constructed and maintained by the State over which the claimants were traveling on May 29, 1925.

The claimants were driving in their automobile from their home in Rye toward Albany. When they reached Ossining, there were signs posted advising travelers that the main road was undergoing repairs and diverting travelers to another road. These signs were erected with the knowledge and consent of the State highway officials. The claimants followed the road indicated and came suddenly to a very steep hill known as "Secor Hill." It was raining, and as the driver started down the hill he lightly applied his brakes. A little farther along where the road curved to the left he discovered a car in trouble by the side of the road. As he approached that car his own car began to skid. He endeavored to correct the skidding and to avoid a collision with the other car by turning his front wheels in the direction that he was skidding. The result was that the car skidded around, faced up the hill, went into a ditch on the right side and overturned, causing injury both to the occupants and to the automobile.

The claim is that the accident was due to the negligence of the highway officials in the construction and maintenance of the road and in failing to erect barriers or to give warning of the conditions.

The facts are not greatly in dispute. The road was built of

bituminous macadam in 1918. The surface was flat and hard, and had been worn very smooth by travel. There was a curve to the left on the hill of about twenty degrees. The hill, about one thousand feet long, descended at a grade varying from six and two-tenths per cent to about nine and eight-tenths per cent or approximately one foot in ten. There was no banking of the road at the curve and no guard rails. The road was concededly slippery and dangerous in rainy weather and all these conditions were known to the highway officials of defendant. Previously there had been a warning sign placed at the top of the hill, but for the two years preceding the accident, it had not been maintained. The reason for its removal or disappearance is not given.

The findings are that there was no negligence on the part of the State, but that the proximate cause of the accident was the careless driving of the claimant, William D. Sporborg. No opinion was written by the court below, so it is difficult to determine how the minds of the triers of the fact operated in reaching that conclusion. The basis does not readily appear in the evidence, or in the findings preceding the decision charging the result upon claimants and exculpating officials from all blame.

It does not appear that the driver, William D. Sporborg, was reckless or careless in his actions at the time. He was unfamiliar with the road and approached the top of the hill at a speed of about fifteen miles an hour. He had no warning of the dangerous conditions before him due to the faulty construction, weather conditions or lack of barriers; nor to the added danger caused by the presence of a car rendered helpless in the highway owing to the same conditions he was about to meet. If his skidding was due to putting on his brakes in an emergency that did not of itself constitute contributory negligence. (*Smith* v. *Levison*, 222 App. Div. 310.) Four cars besides that of claimant's experienced similar difficulties at the same place at about the same time. It is doubtful if so many misfortunes may be readily assigned solely to negligent operation; it would occur to the ordinary, fair, inquiring mind that there were other possible causes.

The findings, as we have said, are that the road was slippery and dangerous in rainy weather, as defendant knew. There is expert testimony that the plan and methods of construction of the highway on this hill, taking into consideration the absence of barriers and warning signs, were not those generally recognized as safe and proper. The defendant cannot take refuge behind the claim that it acted in a judicial capacity in determining the method of construction used. The officials acting for it owe the duty to the public that persons traveling the highways shall find them

reasonably safe. (*Stern* v. *International R. Co.*, 220 N. Y. 284.) Ordinarily the defendant would not be liable for conditions due solely to weather, but when through originally defective construction, wear or other causes, a highway or sidewalk is rendered more dangerous by action of the elements, the State or municipality may become liable to one injured thereby. (*Walker* v. *Town of Pittsfield*, 198 N. Y. 559; *Blood* v. *Inhabitants of Hubbardston*, 121 Mass. 233; *Saulsbury* v. *Braun*, 223 App. Div. 555; affd., 249 N. Y. 618.)

When a highway is made slippery and dangerous by the application of oil, liability for an accident due to such cause follows. (*Shearman* v. *State*, 10 State Dept. Rep. 165; affd., 181 App. Div. 912; 223 N. Y. 550; *Kirchner* v. *State*, 223 App. Div. 543.) The difference is only one of degree between that situation and one where on an unusually steep hill the road is so constructed that when the surface is wet it becomes equally dangerous to the knowledge of the State. Furthermore, there is evidence that oil or tar also appeared on the surface of this bituminous macadam road. The presence of a barrier might not have averted this particular accident, but the absence of one under the circumstances indicates an indifference toward the protection of the public at a place obviously dangerous. (*Johnson* v. *State*, 186 App. Div. 389; affd., 227 N. Y. 610.) At the least, negligence is indicated in failing to maintain warning signs such as are commonly found at places where less danger is to be apprehended than that encountered here. Liability follows where an injury is the natural and proximate consequence of neglect of duty. (*Travelers Ins. Co.* v. *Peet & Powers*, 200 App. Div. 781.)

The findings, while fixing the property damages, do not determine the amount of damages for personal injuries. Under the circumstances, we think a new trial should be ordered, instead of attempting to make findings here fixing the amount of such damage.

The judgments should be reversed on the law and the facts and a new trial granted, with costs to the appellants to abide the event.

Findings numbered 16, 17, 18 and 19, and all conclusions of law in both cases are disapproved.

Davis, Whitmyer and Hasbrouck, JJ., concur; Van Kirk, P. J., concurs on the ground that no warning signs were placed at the top of the hill.

Judgments reversed, on the law and facts, and a new trial granted, with costs in one action to the appellants to abide the event.

Findings of fact numbered 16, 17, 18 and 19 are reversed in both cases, and all conclusions of law in both cases are disapproved.