SAMUEL D. MATTHEWS, Appellant, *v.* TRUAX, CARSLEY AND COMPANY, LTD., Defendant, and MOUNTAIN GAS COMPANY, INC., Respondent.

(Argued June 5, 1934; decided July 3, 1934.)

*John T. De Graff* for appellant.

*F. Ferris Hewitt* for respondent.

HUBBS, J. Appellant entered into a contract with Truax, Carsley & Company (hereinafter called Truax Company) to perform certain services. While in the performance thereof the contract was altered. After the performance of the services Truax Company refused to pay the contract price according to the amended or substituted agreement. This action is to recover $4,500 on the amended agreement. Under that agreement, Truax Company agreed to deliver bonds of the defendant Mountain Gas Company (hereinafter referred to as Gas Company) to appellant. During the affair, appellant became possessed of $900 par value of such bonds. Those

bonds had been pledged by the Gas Company as collateral. When appellant settled the claim for which they were pledged, the bonds were turned over to him and were in his possession.

In his complaint he offered to credit $900, the value of such bonds, upon his demand against Truax Company if the Gas Company would validate the bonds. The Gas Company refused to do so. The complaint demands judgment against Truax Company for $4,500, with costs, and also costs against the Gas Company if it defends the action. The complaint does not state a cause of action against the Gas Company. It does not state that the Gas Company claims to own the bonds, or claims a lien thereon, or any interest therein. What was the Gas Company to do?

(1) It could have disregarded the action and let the plaintiff take such judgment as the complaint warranted, if any.

(2) It could have moved upon affidavits to dismiss upon the ground that it claimed no interest in the bonds and was, therefore, not a proper party.

(3) It could have moved to dismiss upon the ground that the complaint failed to state a cause of action against it.

(4) It could answer, as it did, and claim to be the owner of the bonds.

Not only did it claim to be the owner of the bonds, but it also attempted to answer the complaint against Truax Company and at the trial amended its answer to make it good against the claim of the appellant against the Truax Company. At the trial, no motion with a proper exception was made by the Gas Company to dismiss the complaint against it. It called witnesses to establish its ownership of the bonds and litigated all the issues raised. By its conduct it made the law of the case and cannot now be heard to say that the complaint was defective. All defects in the complaint, and all defects as to parties

to the action, were waived by failure to raise those questions at the proper time. The official referee before whom the case was tried found that appellant was the owner of the $900 par value bonds. The Appellate Division affirmed a judgment for $3,760 against the Truax Company, the balance due appellant after crediting $900, the par value of the bonds.

The Truax Company has not appealed. Appellant has appealed from the reversal by the Appellate Division of the judgment against the Gas Company. The Appellate Division reversed as against the Gas Company on the law and the facts, but did not reverse specific findings of fact, as required by section 602 of the Civil Practice Act. It also dismissed the complaint as against the Gas Company, with costs. The reversal is, therefore, a reversal upon the law only.

It was proper to make the Gas Company a party defendant providing the complaint contained a proper allegation to the effect that it claimed to be the owner of the bonds or some interest therein. (Civ. Prac. Act, §§ 193, 211, 212.) The judgment demanded against it was in the nature of a declaratory judgment. The defendant Gas Company supplied the defects in the complaint by alleging that it was the owner of the bonds in question and demanding that the complaint against it be dismissed. It litigated that question by calling witnesses. It also assisted in the defense of the action against the Truax Company.

As has been stated, the official referee made findings in favor of the appellant and awarded judgment against the Truax Company for $3,760, after crediting $900 on the claim, the value of the bonds in question which were in the possession of appellant. The judgment against the Truax Company has been affirmed and it has not appealed.

The referee also made findings against the Gas Company, and found that the Gas Company was not the

owner of the bonds in question. Under the condition of the record, the Gas Company is bound by that finding. There is evidence to sustain it. It is the contention of the Gas Company that appellant could not become the legal owner of the bonds as they were issued in violation of an order of the Public Service Commission. The evidence does not sustain that contention. Certain bonds were legally issued before the order in question was made. The referee might have found that the bonds valued at $900 were a part of those legally issued by the Gas Company and that they came legally into the possession of appellant.

We find no legal error which justified the Appellate Division in reversing the judgment against the Gas Company.

The judgment of the Appellate Division in so far as it dismisses the complaint as against the Mountain Gas Company should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.