STELLA WEINER, as Administratrix, etc., of SAMUEL WEINER, Deceased, Respondent, *v.* J. I. HASS, INC., and CHARLES GERSH, Appellants.

First Department, June 18, 1937.

*Harold L. Grossman* of counsel [*Ralph Weller* with him on the brief], for the appellants.

*Sidney J. Feltenstein,* for the respondent.

GLENNON, J. Plaintiff's intestate, Samuel Weiner, met his death as the result of injuries which he received in a somewhat unusual automobile accident at West Haverstraw, N. Y., on the 23d day of December, 1932. The accident happened sometime before noon — the hour is indefinite — and death occurred about five o'clock in the afternoon of the same day.

The deceased was the owner of a truck which he used for delivering lumber in connection with his employment by the Werner Lumber Company. The defendant Charles Gersh at the time of the accident was driving a Plymouth car owned by the codefendant, J. I. Hass, Inc. The collision occurred on Railroad avenue, which runs east and west and intersects a road which is commonly referred to as route 9-W. Immediately to the west of route 9-W near Railroad avenue is a railroad station.

The attention of one Everett Terhune, the station agent, was attracted to the accident by a man whose identity was not disclosed. Terhune said that he saw the truck but not the car, "About 50 — 40 to 50 feet up Railroad avenue on the south side, or on the west side of the tracks, up the hill." The " Front wheels was in the gutter and the rear wheel was slewed around about in the center of the road." The hill on Railroad avenue extended upward from the railroad about three hundred feet to the highest point. The width of the road was between eighteen and twenty feet. Between the top of the hill and the station there is a heavy grade with a " curve all the way up. Double curve." The asphalt roadway was slippery, apparently the result of a snowfall, six inches in depth, which occurred on December seventeenth.

The defendant Gersh was driving down the hill for the purpose of reaching the main highway, route 9-W. Due to the icy condition of Railroad avenue, he said, " I was going very slow." When he made the last turn he was in a position for the first time to observe the deceased's truck at a distance of about seventy-five feet from him. He did not believe that there was room enough for his car to pass; " I was always trying to stop;" but he was unable to do so. When he was about twenty-five feet from the truck he noticed the legs of the deceased extending outward into the roadway. He said, " I realized I was skidding. I realized if I cannot stop I might touch the truck. * * * I applied the emergency brake when I first saw the man, when I wanted to stop at all cost. * * * The whole thing happened in a second. The first thing

I knew I touched the truck." What the deceased was doing at the time the defendant's car came in contact with him, nobody was in a position to say.

We are of the opinion that in so far as these defendants were concerned there is nothing contained in the record to indicate that the defendant Gersh was guilty of actionable negligence. The icy condition of the road, coupled with the steep grade and the curves in the hill, made it impossible for the driver to bring his car to a stop. The evidence showed that in the sudden emergency which presented itself, Gersh did everything in his power to prevent a collision.

In many respects this case is similar to *Sporborg* v. *State of New York* (226 App. Div. 113), in which the Appellate Division, Third Department, unanimously reversed a finding of negligence. In that case it was written: " He was unfamiliar with the road and approached the top of the hill at a speed of about fifteen miles an hour. He had no warning of the dangerous conditions before him due to the faulty construction, weather conditions or lack of barriers; nor to the added danger caused by the presence of a car rendered helpless in the highway owing to the same conditions he was about to meet. If his skidding was due to putting on his brakes in an emergency that did not of itself constitute contributory negligence." In the instant case the defendant was unfamiliar with the road, and, immediately before the collision occurred, was proceeding at a very slow rate of speed. He was not aware of the " added danger caused by the presence of a car rendered helpless in the highway owing to the same conditions he was about to meet," until he was seventy-five feet up the hill from it. For the reasons assigned we conclude that no negligence on the part of defendants had been established.

Accordingly, the judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.