NICHOLAS J. KARL, Appellant, *v.* STATE OF NEW YORK, Respondent.
(Claim No. 24751.)

EMMA F. KARL, Appellant, *v.* STATE OF NEW YORK, Respondent.
(Claim No. 24752.)

Argued January 5, 1939; decided January 17, 1939.

*J. Frederick Colson* for appellants. The record discloses ample evidence to sustain the findings of fact. (*Partola Mfg. Co.* v. *General Chemical Co.*, 234 N. Y. 320; *Matthews* v. *Truax, Carsley & Co.*, 265 N. Y. 6.) The State is liable because the defect which caused the accident was due to the negligence of a State officer. (*Doulin* v. *State*, 277 N. Y. 558; *Ross* v. *State*, 265 N. Y. 632; *Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40; *Hume* v. *Mayor*, 74 N. Y. 264; *Jewhurst* v. *Syracuse*, 108 N. Y. 303; *Hinds* v. *State*, 144 Misc. Rep. 464; 240

App. Div. 742; 264 N. Y. 525; *Miller* v. *State*, 137 Misc. Rep. 768; 231 App. Div. 363; *Floss* v. *State*, 240 App. Div. 944; *Logan* v. *State*, 162 Misc. Rep. 793.)

*John J. Bennett, Jr., Attorney-General* (*John M. Dooley* and *Leon M. Layden* of counsel), for respondent. The accident having occurred outside of the period between May 1st and November 15, and having resulted from a defect in the highway, the State is not liable. (*Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40; Cons. Laws, ch. 25, § 58; *Smith* v. *State*, 227 N. Y. 405; *Hinds* v. *State*, 264 N. Y. 525.)

HUBBS, J. The Elmira-Rochester State highway is a heavily traveled road. It is in charge of the State Superintendent of Public Works (Highway Law [Cons. Laws, ch. 25], § 12). On November 20, 1935, an automobile accident occurred near Conesus, which was caused by a so-called " fat spot " on the surface of the tarred road, without negligence on the part of the claimants. A " fat spot " was described by a witness as a spot where there is an excessive amount of bituminous material on the surface of the pavement. The spot was about thirty feet long and fifteen feet wide. It was very smooth and became very slippery when wet. It was wet at the time of the accident. It had been in that condition for some time and a number of accidents had happened because of the condition. Notice had been received by the County Superintendent of Highways of the condition and of the prior accidents. On the day of the accident, November 20, 1935, he was notified of the accident here in question and he went to the place of the accident and examined the pavement. On November 10, 1935, ten days before the accident, he wrote a letter to the Assistant County Engineer, a State employee in charge of the road at the place in question, and called his attention to previous accidents and the condition of the pavement at the place in question. Nothing was done, however, between the

date of the letter of November 10th and the time of the accident, to remedy the condition, to post warning signs, or in any other way to guard against accidents. While the County Superintendent is a county officer, he is under the supervision of the Superintendent of Public Works (Highway Law, § 102), and he is the person to whom complaints are made of defects in highways. The County Engineer was a State employee in charge, and notice to him was notice to the State.

The Court of Claims found as a fact that plaintiffs were free from negligence and that " said accident was caused and said damages were sustained by reason of the negligence of the State, its officers and employees." That negligence was the negligence of the State and its employees in failing to take any action to protect travelers on the highway from the known danger prior to November 15th. An award was made in favor of the claimants.

By section 12-a of the Court of Claims Act (Laws of 1920, ch. 922, as amd. by Laws of 1929, ch. 467; Laws of 1936, ch. 775) the State waives its immunity for the torts of its officers and employees and confers jurisdiction upon the Court of Claims to determine claims for negligence of its officers and employees. The Appellate Division has decided that there can be no recovery in this case because the accident happened as a result of a defect in the highway which occurred after November 15th, at which time, under section 58 of the Highway Law, the State is not liable for damages growing out of accidents caused by defects in State highways. Section 58 provides: " Liability of state for damages. The state shall not be liable for damages suffered by any person from defects in state highways, except between the first day of May and the fifteenth day of November on such highways as are maintained by the state under such system as the superintendent of public works may adopt pursuant to section twelve, but the liability for such damages

shall otherwise remain as now provided by law, notwithstanding the construction or improvement and maintenance of such highways by the state under this chapter."

The Appellate Division reversed the awards made to claimants by the Court of Claims and dismissed the claims as a matter of law. It did not, however, reverse any of the findings of the Court of Claims, or make any new findings. The findings of the Court of Claims, therefore, stand as affirmed by the Appellate Division. (Civ. Prac. Act, § 602; *Matthews* v. *Truax, Carsley & Co.,* 265 N. Y. 6.) If the record contains any evidence to sustain those findings, the awards must be affirmed. We believe there was such evidence. The Assistant Engineer of the State, in charge, had written notice by the letter of November 10th, written by the County Superintendent of Highways, of previous accidents and of the slippery and dangerous condition of the pavement, and during those ten days took no steps to guard the traveling public from the danger of which he had notice.

In each case the judgment of the Appellate Division, should be reversed, and that of the Court of Claims affirmed, with one bill of costs in this court and in the Appellate Division.

CRANE, Ch. J., LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., dissents for the reasons stated in the opinion of the Appellate Division; LEHMAN, J., taking no part.

Judgment accordingly.