MAURICE GOLDFARB, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*
(Claim No. 25684.)

Court of Claims, March 5, 1942.

---

*Moses Kaplan*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Jacob S. Honigsbaum, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J. Claimant, on January 29, 1940, while operating his automobile on a State highway generally known as Route 9, drove upon ice which had formed on the pavement and his car skidded and plunged into a rocky hill or mountain as it was called, running parallel with the road, the foot of which was from four to six feet from the pavement, and as a result claimant was injured and his car damaged.

The particular section of the road involved was known as Peekskill by-pass and was about 500 feet south of the Annsville creek trestle. The pavement of the road at this point consists of four strips, each ten feet wide. It appears that since 1936 there was continuous water seepage from the hill, which water in winter seasons covered the side of the hill with ice and ran out and froze upon the pavement. At the time of the accident the hill was so covered with ice, the night was dark and the weather cold and the ice on the pavement covered the first strip of the road upon which claimant was driving, and part of the second strip, for a distance of at least 100 feet. It also appears from the testimony of a State employee that such seepage of water could be stopped only by the removal of the hill, upon part of which was the city of Peekskill.

The accident happened on a curve, by reason of which the vision of the driver of the car was somewhat obscured. No warning signs of such icy conditions existed except a " slow " sign located about three-fourths of a mile from the scene of the accident. There

is testimony by a State employee that, in the vicinity of the scene of the accident, there were three drains within a distance of about 300 feet to care for surface waters, but there is also testimony by the same witness that the water from the hill freezes in the winter time before it has a chance to get to the drains. State employees were between three and four o'clock of the afternoon of the day of the accident, scraping the ice from the roadway and then sanding the remaining film of ice. Ordinarily that might constitute reasonable care upon the part of the State, but here, the night being cold, the water coming from the seams in the rocks in a continuous stream, froze immediately upon its contact with the cold air, and such scraping and sanding, three hours or more before the accident, obviously had no effect on the ice which accumulated from then to the time of the accident at six-fifty p. m.

Such conditions were dangerous to traffic and the State had ample notice of their existence in other years. It was, therefore, the duty of the State to properly and adequately warn traffic. (Karl v. State of New York, 279 N. Y. 555.) The sign above described did not constitute such adequate or proper warning. The accident having occurred during the time for which the State, under section 58 of the Highway Law, has not assumed liability for damages suffered from defects in highways, the State has again interposed the defense that under such section there can be no recovery. I am not in accord with that contention. I agree with Judge Ryan who, in Torrey v. State of New York (175 Misc. 259, 261), referred to the definite trend of the authorities toward holding the State liable in damages for highway accidents occurring outside the patrol or maintenance period.

In my judgment this claim is properly prosecuted under section 8 and subdivision 2 of section 9 of the Court of Claims Act, but in any event the failure upon the part of the State to adequately warn traffic of the icy condition of the highway, which condition had existed in prior years, was negligence for which the State has waived its immunity from liability. (Karl v. State of New York, supra.) In Miller v. State of New York (231 App. Div. 363) it was expressly held that failure to give warning of a defect, if the condition can be regarded as a defect, is not within the scope of section 58 (formerly § 176) of the Highway Law. Brand v. State of New York (250 App. Div. 810) is distinguishable in that there it was held that there was insufficient evidence of negligence upon the part of the State and that the direct and proximate cause of the accident was the negligence of the driver. An award for claimant is directed in the accompanying decision.