THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN SMITH, Appellant, v. WALTER B. MARTIN, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.— This is an appeal from an order of the Clinton County Court dismissing writ of habeas corpus and remanding relator to the custody of the Warden of Clinton Prison. Relator was indicted on two counts, first, for assault in the second degree, pursuant to section 243 of the Penal Law, and second, for the carrying and use of a dangerous weapon under section 1897 of the Penal Law. On June 26, 1939, in Kings County Court he was convicted on both counts by the verdict of a jury. On the first count, for assault in second degree, he was sentenced to imprisonment in a State Prison under an indeterminate sentence, the minimum of which imprisonment to be two years and six months, and the maximum five years. Under the second count, carrying a dangerous weapon, as a felony, he was sentenced to imprisonment in a State Prison under an indeterminate sentence, the minimum of which was three years and six months, and the maximum, seven years. He received an additional sentence of not less than five years nor more than ten years, pursuant to section 1944 of the Penal Law, for committing a crime while armed. The sentences were to run consecutively. It appears from the commitment and the certificate of the clerk of Kings County Court that relator had not been previously convicted of a felony, nor does the record before us disclose that he had been previously convicted of any crime. There being no previous conviction, relator could not lawfully be punished as a second offender. Apparently, the court held that by reason of the conviction of assault in second degree under the first count in the indictment he could be punished as a second offender under the second count. The sentence of the relator as a second felony offender under the second count in the indictment was illegal. Section 1941 of the Penal Law provides that conviction of two or more crimes charged in separate counts of one indictment or in two or more indictments consolidated for trial shall be deemed to be only one conviction, and the second count in the indictment, therefore, constituted a misdemeanor and not a felony. It appearing that relator has not served his sentence under the first felony count and under the sentence for committing a felony while armed, under section 1944 of the Penal Law, the order of the Clinton County Court dismissing the writ of habeas corpus and remanding relator to the custody of the Warden of Clinton Prison must be affirmed. Order should be entered accordingly, without prejudice to relator to seek release from custody by habeas corpus when he has served the lawful sentences of the Kings County Court if he is so advised. Order dismissing writ of habeas corpus and remanding relator unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

MAURICE GOLDFARB, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 25684.) — Appeal from a judgment of the Court of Claims for the sum of $450. The evidence supports the contention of the respondent that no proper warning was given of the condition of the road. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser Bliss, Heffernan and Schenck, JJ. [178 Misc. 180.]