MARY V. WILLIAMS, as Administratrix of the Estate of THOMAS J. WILLIAMS, Deceased, Respondent, *v.* COUNTY of SARATOGA, Appellant, et al., Defendants.

Third Department, June 30, 1943.

432

*John W. Nichols* (*John A. Slade* of counsel) for appellant.

*Doyle & Heffernan* (*John F. Doyle* of counsel), for respondent.

*Per Curiam.* The verdict and judgment were had against both defendants but the County alone has appealed. Plaintiff's intestate was killed while riding as a passenger in an automobile operated by the defendant Wiley, late at night in August, 1941, upon a county highway. The trial court charged without exception that the county had the duty of making and maintaining this highway in a reasonably safe condition for public travel. At night the highway presented a deceptive appearance. This highway was straight for about a quarter of a mile, then ran over the brow of a small hill and turned to the left at a deflection of twenty degrees. A row of trees on each side of the straight portion with a gap in the treeline directly ahead indicated that the road continued straight ahead. However, the road curved to the left and trees which appeared to be on the left side actually were on the right. The gap in the treeline which seemed to be straight ahead actually was a break in the trees on the right side of the road. This curve to the left was not revealed by the lights of an automobile until after the car went over the brow of the hill. Then it would be too late to make the curve unless the car was traveling at a very moderate rate of speed. A single reflector sign warned of the curve. The car failed to make the curve and struck the trees on the right which were located in close proximity to the macadam. The shoulder outside of the curve was soft sand and retarded the return of the car to the pavement. It was an accident prone situation. At least one traveler had been killed by striking the same two trees, about three years previous. In 1940 there were five accidents on this curve, in 1939 from three to five accidents and for eight years previous to the accident at least one accident every year. One witness testified that in each year for three or four years prior thereto there were from four

to six accidents, possibly seven. The trees which the car struck were deeply scarred by previous collisions.

While the curve alone was not so sharp as to create a dangerous condition, when coupled with the other elements it created a situation which the jury might properly say was unreasonably dangerous. The short sight distance, the deceptive appearance of the trees, the questionable adequacy of the sign, the soft shoulder, the proximity of the trees to the pavement, united to render this particular portion of the highway dangerous and the many previous accidents gave the County more than ample warning of the condition.

The judgment should be affirmed, with costs.

CRAPSER, J. (dissenting). I dissent and vote to reverse the judgment against the County of Saratoga and for a new trial.

The accident happened entirely because of the failure of the driver to observe the sign which was plainly visible to anybody who was driving properly and to observe the physical conditions. It was the manner in which the car was operated and not any negligence on the part of the County of Saratoga which caused the death of the plaintiff's intestate. (County Law, § 6; *Khoury* v. *County of Saratoga,* 267 N. Y. 384; *Sturman* v. *State of New York,* 269 N. Y. 627; *Sturman* v. *N. Y. C. R. R. Co.,* 280 N. Y. 57.)

BLISS, HEFFERNAN and SCHENCK, JJ., concur in *Per Curiam* opinion; HILL, P. J., dissents upon the ground that the charge lacked definiteness as to grounds which would justify the finding of negligence; CRAPSER, J., dissents, in a separate memorandum.

Judgment affirmed, with costs.