KATHERINE C. DAWLEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27749.)

Court of Claims, March 18, 1946.

*Donald P. Gorman* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Harold S. Coyne* of counsel), for defendant.

Lounsberry, J. The claimant sues to recover for alleged negligence of the State of New York in constructing, maintaining and safeguarding State highway known as Route 174 at a point a short distance north of the center of the village of Marcellus, Onondaga County, New York. The highway, which is of macadam construction, proceeds generally northerly through the village of Marcellus and thence to the east on a 36° curve crossing the tracks of the Marcellus-Otisco Lake Railroad and a concrete bridge spanning Nine Mile Creek.

On or about 1:30 A.M., on the night of January 30, 1942, the claimant was riding as a passenger, together with other persons, in an automobile owned and operated by her husband, who had not traveled this highway before. The creek flows under the concrete bridge in a northwesterly direction and then turns to the north widening into a still water. The creek at this point is slightly below the highway. The center of the highway on this particular night was dry and dark colored for a distance of about eight to eighteen feet in width. The sides of the highway entering the curve were covered with snow. The highway at the point of the curve was twenty-two feet in width and banked at the rate of one-half inch to one foot. It was heavily covered with cinders extending over the northerly shoulder obscuring the snow. The automobile, with the headlights at high beam, was proceeding northerly on the straightaway down a slight grade towards the curve. The driver of the automobile testified that as he approached the curve the highway had the appearance of proceeding straight ahead. The trees on either side of the creek, the black water of the creek and the dark highway blended together and gave the appearance that the highway continued straight ahead in a northerly direction. When he discovered that the highway did not continue straight ahead, but curved to the east, he pulled his steering wheel abruptly to the right and applied his brakes approximately thirty-five feet west of the railroad tracks, which were thirty-three feet westerly of the bridge. The automobile went into a skid and continued to the bridge where it collided with the northerly parapet thereof coming to a stop. The automobile was badly damaged and the claimant, who was riding in the front seat, was thrown forward against the windshield, receiving severe injuries. The claimant was removed to her home and then to the hospital where X rays were taken. It was found she had sustained a fracture of the first cervical vertebra, injuries to her jaw, mouth, nose, wrists, knees and three teeth loosened. Traction was applied and sandbags placed about her head for six days. Afterwards light traction was applied and she was placed in a plaster of Paris cast which extended from her waist up over her chin and the back of her head. She remained in this cast for eight weeks during which time she suffered severe pain and was unable to feed herself. The claimant was totally disabled for a period of sixteen weeks, and was partially disabled for a considerable time. She has apparently recovered from the fractured vertebra and other injuries, except that she still suffers from headaches and pain in her neck

when overtired or during changes in the weather. The only permanent injury she sustained is a chipped central front tooth, and a slight prominence at the second cervical spinous process.

No caution, slow, stop, curve or railroad signs were on the highway. There was no white line in the center of the highway to indicate the highway curve to the east. Concrete posts were on the westerly side of the highway up to a point near the beginning of the curve; also five concrete posts were directly west of the end of the bridge, two of which were down. No posts or guardrails were on the northerly side of the highway at the curve.

A duty rests upon the State to erect and maintain signs or barriers on a State highway as circumstances presented reasonably demand. The evidence supports the finding that this curve was dangerous and the State was negligent in failing to erect proper signs and barriers and " indicates an indifference towards the protection of the public at a place obviously dangerous." (*Sporborg* v. *State of New York,* 226 App. Div. 113, 116.) Negligence is indicated in failing to maintain warning signs such as are commonly found at places where less danger is to be apprehended than that encountered here. (*Van de Walker* v. *State,* 278 N. Y. 454; *Sporborg* v. *State of New York,* 226 App. Div. 113, *supra; Johnson* v. *State of New York,* 186 App. Div. 389, affd. 227 N. Y. 610; *Ross* v. *State of New York,* 265 N. Y. 632.) A duty rests upon the State to erect warning signs and barriers wherever good judgment would indicate, and if the absence of such is the proximate cause of injury to person or property, the State is liable for the resulting damage. " Liability follows where an injury is a natural and proximate consequence of neglect of duty." (*Sporborg* v. *State of New York, supra,* p. 116; *Travelers Insurance Co.* v. *Peet & Powers,* 200 App. Div. 781; *Perry* v. *State,* 49 N. Y. S. 2d 541; *Le Boeuf* v. *State of New York,* 169 Misc. 372, affd. 256 App. Div. 798, affd. 281 N. Y. 737.)

It is the obligation of the State to warn travelers on a highway that they are approaching a hazardous spot thereon. Officials acting for it owe the duty to the public that persons traveling the highways shall find them reasonably safe, particularly persons unfamiliar with the highway. (*Barna* v. *State of New York,* 267 App Div. 261, affd. 293 N. Y. 877; *Stern* v. *International Ry. Co.,* 220 N. Y. 284; *Sporborg* v. *State of New York,* 226 App. Div. 113, *supra.*)

To a person unfamiliar with this highway there are not adequate grounds for suspecting that the highway did not pass

straight ahead and to the west of the white house standing on the east bank of the creek. The excessive amount of cinders on the shoulder of the highway at the curve was dark, the same color as the highway. The opening in the trees on either side of the creek and the dark water of the creek blended together and created an illusion that the highway continued in a straight line. In the absence of warning signs to the contrary, a person might well believe that the highway did continue straight ahead. '' While the curve alone was not so sharp as to create a dangerous condition, when coupled with the other elements it created a situation which the jury might properly say was unreasonably dangerous. The short sight distance, the deceptive appearance of the trees, the questionable adequacy of the sign, the soft shoulder, the proximity of the trees to the pavement, united to render this particular portion of the highway dangerous and the many previous accidents gave the County more than ample warning of the condition.'' (*Williams* v. *County of Saratoga,* 266 App. Div. 431, 433, affd. 291 N. Y. 782.)

The State urgently argues that there is no proof on the part of the claimant that this highway was a State highway and that it was constructed and maintained by the State. However, the State's witnesses testified that the State took over Route 174 in 1910, which was formerly a county highway, resurfaced it in 1939, and continues the maintenance thereof. A patrolman, an employee of the State, has charge of maintenance, sanding and cindering and so testified on the trial. The State also argues that the bridge in question was constructed by the Village of Marcellus; that the State is not required to maintain it, and thus is relieved from liability. The State did place resurfacing thereon in 1939. Nevertheless, had the Village of Marcellus wholly maintained the bridge, the State would not be relieved of the responsibility of providing adequate protection and warning to the public of any dangerous conditions to the approach of said bridge. (*Barna* v. *State of New York,* 267 App. Div. 261, affd. 293 N. Y. 877, *supra.*)

The court is of the opinion that the evidence satisfactorily establishes there was no contributory negligence on the part of the claimant or Ralph Dawley, the owner and operator of the automobile.

It would appear that the State had at least some notice as to the dangerous condition existing at this curve. The evidence is that six or seven accidents had previously occurred at this location, one resulting in death, admittedly not under conditions exactly similar to those of this accident. However, the

State had notice that a dangerous condition existed. It is the duty of the State to keep its highways in reasonably safe condition, including warning signs and barriers, " and is bound to exercise reasonable care to accomplish this end."

The State urges that section 58 of the Highway Law applies in this case and that the State is not liable for damages suffered by the claimant. Section 58 of the Highway Law is as follows: " The state shall not be liable for damages suffered by any person from defects in state highways, except between the first day of May and the fifteenth day of November on such highways as are maintained by the state under such system as the superintendent of public works may adopt pursuant to section twelve, but the liability for such damages shall otherwise remain as now provided by law, * * * or improvement and maintenance of such highways by the state under this chapter * * *."

The evidence is that no warning signs or barriers existed on this curve although the State had maintained the highway for many years, which failure was negligence on the part of the State and known to its officers and employees. The State is required to maintain highways in a reasonably safe condition for travel at all times of the year. (*Pierce* v. *State*, 41 N. Y. S. 2d 602.) The contention of the State that there can be no recovery because the accident occurred during the time the State does not assume liability for damages resulting in defects is without merit. There appears to be a definite trend toward holding the State liable in damages for highway accidents occurring outside the patrol or maintenance period where negligence of the State is established. (*Torrey* v. *State of New York*, 175 Misc. 259; *Goldfarb* v. *State of New York*, 178 Misc. 180; *Karl* v. *State of New York*, 279 N. Y. 555.)

The claim of the claimant for medical services and hospital expenses is denied. Claimant is a married woman, her occupation being that of a housekeeper. In the absence of testimony that the claimant paid such medical services and hospital bills, it was the obligation of her husband to pay the same.

In view of the foregoing, an award is made against the State of New York for damages sustained by the claimant in accordance with the findings accompanying this memorandum.