Richard S. Heller, J.
Claimant was driving home from work on March 8, 1956, at about 11:00 f.m., when his car skidded on an ice patch just north of Spring Street, Union Center, Broome County, New York. The highway he was traveling was known as Route No. 26 and was under the control and supervision of the State of New York.
The facts adduced at the trial established that the State was negligent in allowing water to collect and ice to form on the highway creating a hazard to the traveling public. (Goldfarb v. State of New York, 178 Misc. 180, affd. 264 App. Div. 976.)
The finding is based upon actual notice to the State that water frequently ran over the road at the same place where the present accident occurred and knowledge that ice would form on a cold day. No adequate flare or sign was placed to warn a driver of the dangerous condition that existed although the State’s foreman knew of the potential danger as late as 2:30 p.m. on the day of the accident. (Sutherland v. State of New York, 189 Misc. 953.)
On the night of the accident the claimant had driven about 35 m.p.h. on a clear, dry road (Route No. 26) from Endicott, which was four miles south of Union Center, when he came upon the slush and ice which caused his car to skid and to crash into a utility pole. The court finds that claimant was not contributorily negligent.
Claimant’s car, a 1951 Buick, was completely demolished and was sold for $75. He sustained a loss of $605. Claimant lost four weeks wages totaling $300. In addition, hospital and *7 medical bills amounted to $107 and miscellaneous damage for which he is entitled to be compensated amounted to $109.50.
The injuries suffered by the claimant included a cerebral concussion and injuries to the right chest and right leg and numerous cuts and contusions. Claimant was unconscious from the time of the accident until the next morning. X rays were negative. His present complaints include pain and vertigo. There is no proof of any permanency.
Claimant is entitled to recover the sum of $3,125 in full for all damages and injuries, including pain and suffering, past, present and future.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.