William G. Easton, J.
These are negligence actions arising out of an automobile accident which occurred on Boute 49 in the Village of Cleveland, Oswego County, New York.
On December 30, 1956, at about 4:30 p.m. claimants set out from their home in Liverpool, New York, to visit some friends at Bernhards Bay. Claimant, Helen Dixon, was driving, and her husband, claimant, William V. Dixon, the owner of the automobile, was a passenger. The automobile had snow tires and was in good mechanical condition. They took Bear Bond to Boute 11, and Boute 11 to Boute 49. It was snowing and the roads were slippery in spots. Somehow, they missed their turn-off to Bernhards Bay and continued easterly along Boute 49 into the Village of Cleveland. Neither claimant ever had been to Cleveland or over this portion of Boute 49 before. The accident occurred at about 6 ¡00 p.m. in the dark.
Up to its intersection with Division Street in the Village of Cleveland, the pavement of Boute 49 was about 34 feet wide. To the east of this intersection it narrowed to 22 feet and descended at a grade of about 6% for a distance of 300 feet at which point it curved to the left at 30 degrees. At the foot of this hill and within the curve there was a wide roadway extending from Boute 49 to the right of one traveling easterly, which roadway led to the Barge Canal Terminal at Oneida Lake. The canal *816 roadway was about 75 feet wide where it met Route 49 and narrowed to 28 feet as it extended towards Lake Oneida. Proceeding around the curve on Route 49 and immediately beyond the Barge Canal roadway there was a bridge 22 feet wide.
Driving about 20 to 25 miles per hour with the headlights on high beam, Mrs. Dixon approached the crest of the aforesaid hill and observed an S-curve highway sign and a 25 miles-per-hour speed sign, both on the right hand shoulder of the highway. From the top of the hill she could observe only the beginning of the curve of Route 49. A row of large trees extending along the left side of the highway, a house and another row of trees extending out from that house to the left edge of the highway obscured the balance of the curve and the rest of Route 49 to the northeast.
As Mrs Dixon looked straight ahead from the top of the hill, Route 49 appeared to curve slightly to her left and then back to her right in the form of an S-curve. Thinking that the Barge Canal roadway was a continuation of Route 49 Mrs. Dixon drove along the right-hand lane of Route 49 until she reached its intersection with the roadway. Then, and for the first time, she realized that the roadway was not a continuation of the highway and that Route 49 continued to curve to her left to the northeast and beyond the Barge Canal Terminal roadway. She immediately applied her brakes and turned her wheels sharply to the left, but was unable to negotiate the curve. Her automobile skidded and collided with the south abutment of the concrete bridge located to the east of the roadway. There were no guardrails, barriers or warning signs on the right hand side of highway Route 49 at any point between the intersection of the canal roadway and the bridge. As a result, claimants suffered severe injuries, and the automobile was badly damaged.
At night the portion of the highway in question here presented a dangerously deceptive appearance. To a person unfamiliar with it there were not adequate grounds for suspecting that the Barge Canal Terminal roadway was not a continuation of Route 49, especially when covered with snow. The opening in the trees, the similarity in appearance of the surface of the roadway and the highway, the automobile tracks in the snow leading from Route 49 into the Barge Canal Terminal roadway, and the blocking of the westerly portion of this curve by trees, blended together and created an illusion that the Barge Canal Terminal roadway was a continuation of Route 49 as one approached from the west. From the top of the hill the lights of the Dixon automobile shining straight ahead illuminated the roadway but did *817 not disclose the continuation of the left-hand curve on Eoute 49 beyond and east of the Barge Canal roadway. In the absence of warning signs to the contrary, a person might well believe that the highway and roadway constituted the S-curve depicted in the warning sign which claimant, Helen Dixon, saw at the top of the hill. ‘ ‘ While the curve alone was not so sharp as to create a dangerous condition, when coupled with the other elements it created a situation which the jury might properly say was unreasonably dangerous ”. (Williams v. County of Saratoga, 266 App. Div. 431, 433, affd. 291 N. Y. 782; Dawley v. State of New York, 186 Misc. 571.)
Taking all the factors into consideration, we hold that they constituted a dangerous situation which the State should have reasonably anticipated and the State failed in its duty to. erect and maintain adequate signs and barriers. This failure placed claimants in a dangerous situation from which the driver was unable to extricate herself in time to avoid the consequences which ensued and which was the proximate cause of the accident. A history of previous accidents under quite similar circumstances should have been a further indication to the State that a serious condition existed. Under the circumstances, the State could have and should have foreseen and anticipated such an accident as occurred here. Certainly, the State had full knowledge or was chargeable with full knowledge of the existing conditions.
There is no showing of any contributory negligence on the part of claimants. The driver of the automobile acted with reasonable care. While the application of the brakes may have contributed to the skidding, this could not constitute contributory negligence for the driver was suddenly faced with a situation of which the State had failed to warn. (Sporborg v. State of New York, 226 App. Div. 113.)
The court finds that the negligence of the State of New York was the proximate cause of this accident. (Dawley v. State of New York, 186 Misc. 571, supra; Williams v. County of Saratoga, 266 App. Div. 431, 433, affd. 291 N. Y. 782, supra.)
As a result of the negligence, of the State, claimants suffered painful personal injuries. Claimant, Helen Dixon, sustained a dislocation of the right hip, fractures of the third rib, fractures of the acetabulum of the right hip, broken teeth and denture, multiple contusions and bruises. She was hospitalized for a period of five days. After leaving the hospital she was confined to a wheel chair and to the use of crutches for a period of four months. She was totally disabled until May of 1957 and was *818 partially disabled until August, 1957. There is a permanent limitation of motion in her right hip and at times she suffers pain in the lower back and right hip. She also sustained a substantial loss (8 weeks) of earnings.
Claimant, William V. Dixon, was thrown against the windshield, his knees striking part of the car and received cuts in and about his face, broken teeth and multiple fractures of the left femur extending into the knee joint. He was removed from the scene of the accident to the Oneida City Hospital and on the following day he was taken by ambulance to St. Joseph’s Hospital in Syracuse, Hew York, where his leg was put in traction and a metal pin inserted. The leg remained in traction for about 12 weeks. He was then put in a plaster cast extending from his chest, across the groin and including the foot. He remained in this cast for about 8 weeks. After the removal of the cast claimant was able to bear weight on the left leg. He remained at the hospital until March 17, 1957. Claimant has a loss of flexion of the left knee, about a half-inch shortening of the left leg and some limitation of motion of the hip joint, loss of girth and muscle volume of the left leg, all of which are permanent disabilities. He also has permanent facial scars as a result of said injuries.
Claimant, William V. Dixon, necessarily incurred expenses for his medical care and treatment in the reasonable sum of $1,942. He also necessarily incurred medical and hospital expenses on behalf of his wife in the reasonable sum of $268.50.
The damage to claimant’s automobile was stipulated to be $365.
Claimant, Helen Dixon, is entitled to an award against the State of Hew York in the total amount of $7,000.
Claimant, William V. Dixon, is entitled to an award against the State of Hew York in the amount of $12,000.