■ Michael A. Scott, Respondent, v. State of New York, Appellant. (Claim No. 35176.) Lucy Scott, as Administratrix of the Estate of Michael J. Scott, Deceased, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 35177.) — Staley, Jr., J. Appeals by the State from judgments entered on a decision rendered after trial in the Court of Claims, and cross appeal by claimant, Lucy Scott, as administratrix of the estate of Michael J. Scott, on the ground that the award was inadequate. (Opinion on prior appeal 19 A D 2d 574.) Decedent, Michael J. Scott, was killed September 29, 1957, when the automobile he was driving in a southerly direction on State Highway No. 385 near the village limits of Athens, went off the highway and hit a tree. His son, Michael A. Scott, riding with him, was seriously injured. The Court of Claims, after a trial, awarded the sum of $96,500 to the administratrix of the driver, and the sum of $21,822.75 to his son, Michael A. Scott. The accident occurred at a point where the road curved sharply to the left where the automobile left the paved portion of the highway to the shoulder of the road; crossed a driveway of somewhat higher elevation than the road; struck a metal mailbox; and then proceeded to strike a tree and turn over. Both claims are predicated upon the alleged negligence of the State in constructing and maintaining the highway and shoulders thereof in a dangerous and unsafe manner, as well as upon a lack of warning signs and proper traffic lane markings. On the trial and on this appeal, the State contends that Michael A. Scott was the operator of the automobile and not the decedent; that the sole proximate cause of the accident was the negligence of the operator; and that the State is not liable for the maintenance of the

shoulders of a highway within the corporate limits of a village. The court concluded that the decedent was driving; that he was not speeding; and that the claimants were not contributorily negligent. The record adequately supports these determinations of fact. The court was not obligated to accept the opinion testimony of the expert witness for the State on these matters as a conclusive proof of the facts. There is abundant evidence of negligent construction and maintenance by the State of both the paved portion of the highway and of the shoulder of the road. The testimony also indicates that the center line markings of the highway did not conform with the State Manual of Uniform Traffic Control Devices, in that double solid line markings were not used, and that there were no curve signs as required by the manual. The testimony indicates that the accident occurred at night on a 21 degree curve on Route 385, a two-lane highway paved to a width of slightly less than 20 feet; there were no signs of any kind of warning of this curve and thick brush on the easterly side of the highway limited the view around the curve to southbound vehicles, to approximately 250 feet; that in the area where the automobile left the road, the macadam pavement was ravelled out so that it had saw-tooth edge; the shoulder of the road was 20 inches wide, and was depressed from the pavement for an average depth of 2 inches; that in the shoulder of the road, there existed what was variously defined as a hole, a rut, a gutter, and a scooped out area 2 feet wide at right angles to the pavement, varying in depth from 2 to 4 inches, and occupying the entire width of the shoulder; that a private driveway intersected the highway at the crest of the curve, and that this driveway was a higher elevation than the pavement. The uncontradicted testimony of two policemen indicates that these highway conditions existed for at least six months prior to the accident. A civil engineer, who had been employed in the New York State Department of Public Works from 1906 until retired in 1955, testified that the ravelled edge of the macadam was not good practice, and constitutes a hazard especially aggravated on a curve such as exists at this point; that the width of the shoulder, 20 inches, is far from good practice and, that permitting the hole to remain at that point in the curve, was dangerous practice. The State offered no evidence to contradict his testimony. The testimony of the claimant, Michael A. Scott, as to how the accident occurred, is uncontradicted. He stated that he was dozing and was awakened by a loud blast of a horn, and saw the headlights of an automobile quite close to their automobile, and that their automobile went off the highway to the shoulder of the road; that the automobile made a big bounce, crossed the intersecting driveway, struck something metal, and then he saw a tree in front of him and remembered no more. He also identified the place on the highway where the car went off the shoulder as being in the area of the ravelled edge of the pavement. Although an operator has no right to be on the shoulder of a highway except in an emergency, the burden in a death case is upon the State to establish no emergency, this being part of the issue of contributory negligence. (*Scott* v. *State of New York*, 19 A D 2d 574.) On this issue, the State contends that the sole proximate cause of the accident was the negligence of the operator. The decedent, having been determined to be the operator, the only evidence of any probative value adduced by the State on this issue was the opinion testimony of an expert witness, the Director of Research and Development of a collegiate Traffic Institute. His testimony finds support only on the basis of probabilities or possibilities. In contrast to this, the only witness to the accident, Michael A. Scott, testified that his father was not driving fast. The testimony of a State Trooper, that Michael A. Scott had told him that his father was driving between 50 to 55 miles per hour, although admissible against the interests of Michael A. Scott, was not admissible

in the death case. Considering the testimony of the expert, we note that he was not an eyewitness to the accident; did not visit the scene of the accident; and did not see the automobile itself. In addition, his testimony was based upon the evidence and exhibits in a prior trial of these claims. Basically, this expert's conclusion, as to the speed of the car, was based upon a conclusion that the car was out-tracking as it proceeded around the curve. These conclusions are based upon assumptions which find little or no support in the evidence and physical layout of the accident scene. The uncontradicted testimony indicates that the automobile struck a mailbox at the southerly edge of the driveway, which was mounted on a stanchion, and then proceeded to strike a tree 50 feet further south, but did not strike a tree at about an equal distance from the road which was 11 feet north of the tree which was struck. The car was 17 feet long, and the photographic exhibits indicate the damage to the vehicle to be in the right front, and no damage to the right rear which should have been damaged if the vehicle were out-tracking. He further admitted on cross-examination that there was nothing about the damage to the vehicle from which he could conclude anything about its speed, and that other evidence of out-tracking such as a blowout of a tire, sideslip tracks, or grass pinched in between the tire and wheels was not found. We, therefore, find no error in the rejection of this testimony by the court in making its factual determinations. In the prior appeal in this case, *Scott* v. *State of New York* (19 A D 2d 574), we held that the burden was on the State to prove by competent evidence that the speed of the automobile at the time of the accident warranted a finding of contributory negligence on the part of the operator and the case was remanded for a new trial. Other than the State's expert's testimony on speed and out-tracking, the State adduced no evidence in this regard. The State failed to meet this burden and we must, therefore, conclude that the finding that the deceased operator was not contributorily negligent, was correct. The State further seeks to avoid liability on the grounds that section 58 of the Highway Law limits its liability to damages which occur only as the result of a defective condition in the improved portion of the highway where the highway is within the limits of an incorporated village. The liability of the State is, however, not completely limited by section 58. Liability may also be predicated under section 8 of the Court of Claims Act for damages caused by the misfeasance or negligence of its officers or employees. (*Karl* v. *State of New York*, 279 N. Y. 555.) In the instant case, the testimony supports the conclusion that the State actually maintained the shoulder of the road. Having assumed this burden, the State could not negligently maintain the shoulder and escape liability under section 58 of the Highway Law. In any event, liability is not predicated solely upon the negligent maintenance of the shoulder, but also upon the failure to give warning of the curve by proper signs and upon negligent maintenance of the paved portion of the highway. The appellant further contends that the court's opinion is against the weight of the evidence, since certain misstatements were made by the court in its opinion, which was rendered over 16 months after the close of the testimony. The errors noted by the appellant are inconsequential, and the record supports the conclusions of the Trial Judge. Although the State appealed from the judgment on the ground that the damages awarded were excessive, it presents no argument in its brief in support of this contention. The appeal of the respondent administratrix, on the ground that the award in the death case was inadequate, cannot be sustained since the award of $95,000, exclusive of the funeral bill based on the age, earning capacity and number of dependents of the decedent is both adequate and not excessive. Judgments affirmed, with one bill of costs to claimants-respondents. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.