■ THOMAS J. MONTELEONE, Individually and as Father and

Natural Guardian of THOMAS C. MONTELEONE, an Infant, Respondent, v INCORPORATED VILLAGE OF FLORAL PARK, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the Incorporated Village of Floral Park appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered August 10, 1987, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed as against the defendant Village of Floral Park.

The plaintiffs seek damages for injuries sustained by the infant plaintiff when his cousin brushed aside, and then released, a low-hanging tree branch which snapped back and struck the infant plaintiff in the eye as he was walking on a sidewalk located in the defendant Village of Floral Park. By notice of motion dated February 25, 1987, the defendant village moved for summary judgment dismissing the complaint on the ground that it had not received notice of the alleged sidewalk obstruction prior to the occurrence of the accident, as mandated by Code of the Village of Floral Park § 57-1 (Local Laws, 1953, No. 3 of Vil of Floral Park, as amended by Local Laws, 1983, No. 1 of Vil of Floral Park; Local Laws, 1986, No. 6 of Vil of Floral Park; see also, Village Law § 6-628). That section states, in pertinent part, that "no civil action shall be brought or maintained against the Incorporated Village of Floral Park, New York, for damages or injuries to person or property sustained in consequence of any * * * sidewalk * * * being defective, out of repair, unsafe, dangerous or obstructed * * * unless written notice of the existence of such condition" shall have been served on the Village Clerk prior to the happening of the event causing damage or injury. In denying the appellant's motion, the court determined that the absence of notice was not a bar to the maintenance of suit, stating, "the allegation that the [village] planted and maintained the tree involved is sufficient to preclude summary determination". We disagree.

Since no prior written notice of the defect had been given, it was necessary for the plaintiffs to establish affirmative negligence on the part of the village in order for that defendant to be held liable (see, e.g., Radicello v Village of Spring Val., 115 AD2d 466). The plaintiffs have failed to discharge their burden

of adducing evidence creating triable issues of fact in respect to the issue of the village's alleged affirmative negligence.

The statute's plain language requires proof that the village receive notice of an obstructed sidewalk such as that which allegedly resulted by virtue of the low-hanging tree branch. The plaintiffs argue, however, that by planting and, on three occasions, pruning the tree the village's conduct was affirmatively negligent, thereby obviating the otherwise applicable requirement that notice be furnished. We find this contention to be unpersuasive. Under the circumstances presented, the mere planting of a curbside tree, presumably one of thousands planted throughout the State, does not, in itself, constitute an act of affirmative negligence *(see, e.g., Williams v County of Saratoga,* 266 App Div 431, *affd* 291 NY 782; *cf., Kinne v State of New York,* 8 AD2d 903, *affd* 8 NY2d 1068). Further, the alleged failure of the village to maintain the tree in question constitutes at best, simple nonfeasance for which there can be no liability absent prior written notice of the condition *(see, Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629; *Youngblood v Village of Cazenovia,* 118 Misc 2d 1020, *affd* 93 AD2d 962 *on opn at Special Term).* Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.