■ BRIAN KITCHEN et al., Respondents, v INCORPORATED VILLAGE OF FREEPORT, Appellant. [636 NYS2d 124] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated February 16, 1995, as granted the branches of the plaintiffs' motion which were to strike the fifth and seventh affirmative defenses contained in its answer.

Ordered that the order is modified by deleting the provision thereof which granted the branch of the plaintiffs' motion which was to strike the defendant's seventh affirmative defense and that branch of the plaintiffs' motion is denied; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

On March 17, 1992, while walking on a sidewalk in the Village of Freeport, the infant plaintiff sustained injuries from a fence which protruded onto the sidewalk. The plaintiffs filed a notice of claim on May 15, 1992, with the Incorporated Village of Freeport (hereinafter the Village). By letter dated May 20, 1992, the Village responded that it did not own, operate, maintain, or control the subject premises and that it had not received any prior written notice of an alleged hazardous condition at this location. The Village informed the plaintiffs that it considered the claim to be frivolous and requested that the plaintiffs discontinue the action or it would take steps to re-

cover all of its defense costs. However, to protect its rights, the Village demanded that the infant plaintiff appear for a physical examination and a General Municipal Law § 50-h hearing.

In light of the Village's representation, the plaintiffs withdrew their notice of claim by letter dated May 21, 1992. In October 1993, the owner of the subject premises informed the plaintiffs that the Village had erected the fence which caused the infant plaintiff's injuries. In January 1994, the plaintiffs commenced this personal injury action against the Village.

In its answer, the Village raised several affirmative defenses, including the defense (1) that the action should be dismissed due to the plaintiffs' failure to comply with General Municipal Law § 50-h (the fifth affirmative defense), and (2) that the plaintiffs may not maintain the action since there was no prior written notice of the alleged condition as required by statute (the seventh affirmative defense). The plaintiffs moved, inter alia, to dismiss the fifth and seventh affirmative defenses. The court granted the plaintiffs' motion and the Village now appeals.

With regard to the seventh affirmative defense, the plaintiffs contend that prior written notice of the defective condition was not required because the Village created the dangerous condition which caused the infant plaintiff's injuries. However, there was no evidence presented to establish that the Village created the dangerous or defective condition which caused the injuries *(see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670; *Messina v City of New York,* 190 AD2d 659; *Monteleone v Incorporated Vil. of Floral Park,* 143 AD2d 647, *affd* 74 NY2d 917). Accordingly, the court erred in dismissing the seventh affirmative defense.

With regard to the fifth affirmative defense, the court properly concluded that in light of the Village's actions in this case, the Village should be estopped from asserting the defense that the plaintiffs failed to comply with General Municipal Law § 50-h *(see, Albano v Long Is. R. R. Co.,* 122 AD2d 923). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.